**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LLOYD K. BENEDICT,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE FARM FIRE AND CASUALTY COMPANY;**<br>**ANITA EWING;**<br>**SEEK NOW INC.;**<br>**TANNER WARD LANCASTER,**<br><br>**Defendants.** | **Case No. 26-CV-00198-SEH-MTS** |

**OPINION AND ORDER**

Before this Court is Plaintiff Lloyd K. Benedict's motion to remand [ECF No. 23], the motion to dismiss filed by Defendants Seek Now Inc. ("Seek Now") and Tanner Ward Lancaster [ECF No. 19], and Defendant Anita Ewing's motion to dismiss [ECF No. 28].[1] For the reasons stated below,

[1] Plaintiff did not file responses to either motion to dismiss. Plaintiff's opportunity to oppose the motion to dismiss filed by Seek Now and Lancaster expired on May 5, 2026, and the opportunity to oppose Ewing's motion expired on June 10, 2026. A motion to remand does not trigger an automatic stay of deadlines. *See, e.g.*, *Tate v. SNH CO Tenant LLC*, 22-CV-00827-MEH, 2022 WL 3091375, at *2 (D. Colo. July 15, 2022). The Court retains the discretion to amend the schedule. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009). But, for the reasons outlined in this Opinion and Order, the Court finds that Plaintiff's claims against Defendants Seek Now, Lancaster, and Ewing fail as a matter of law, and any amendment to the schedule to allow Plaintiff to file responses would be futile.

Plaintiff's motion to remand is denied, and Defendants' motions to dismiss are granted.

## I. Background

Plaintiff held a homeowner's insurance policy issued by Defendant State Farm Fire and Casualty Company ("State Farm"). [ECF No. 3-2 at 2]. Plaintiff purchased the policy through Ewing, an insurance agent. [*Id.* at 1]. After a storm damaged Plaintiff's home, he timely filed an insurance claim with State Farm. [*Id.* at 2]. State Farm retained a third-party agent, Seek Now, to inspect the property. [*Id.* at 3]. Lancaster conducted the inspection, allegedly acting as an agent of both State Farm and Seek Now. [*Id.*]

Plaintiff contends that Lancaster's inspection was "perfunctory and wholly lacking ...." [ECF No. 3-2 at 3]. He alleges that Lancaster reported to State Farm that "though the roof's box vents, exhaust vents, ridge/hip cap and pergola were damaged by hail and wind, the roof's shingles were not damaged by a covered peril." [*Id.*] Plaintiff alleges that Lancaster "knew or should have known at the time he made his report that his claims with regard to the cause of damages were false." [*Id.*] As a result of Lancaster's purportedly false report, State Farm determined that the damage to Plaintiff's property was "below the wind & hail deductible." [*Id.*] State Farm issued no payment to Plaintiff on his insurance claim. [*See id.*]

Plaintiff provided State Farm with additional evidence demonstrating that his property "sustained direct physical damage" from wind and hail, that his loss was covered under the terms and conditions of his policy, and that many of his damages were missed or undervalued by Lancaster's inspection. [ECF No. 3-2 at 4]. However, State Farm allegedly refused to amend its estimate. [*Id.*] Thereafter, Plaintiff notified State Farm that his roof had begun leaking and causing further damage. [*Id.*] State Farm "continued to maintain its position on its unreasonable denial." [*Id.*]

Plaintiff sued Defendants in the Tulsa County District Court. [ECF No. 3-2]. He advanced breach of contract and bad faith claims against State Farm and a tortious interference with contract claim against Seek Now and Lancaster. [*Id.* at 5–9]. He asserted a civil conspiracy claim against all Defendants. [*Id.* at 9]. Ewing, Seek Now, and Lancaster moved to dismiss Plaintiff's claims against them in state court. [ECF No. 3-1 at 9; ECF Nos. 3-12, 19-1].

Before the state court could rule on the pending motions to dismiss, State Farm removed the action to this Court, arguing that Ewing and Lancaster had been fraudulently joined. [ECF No. 3]. Both Ewing and Lancaster are Oklahoma citizens.[2] [ECF Nos. 14, 30]. Under Local Rule 81-2(b), Seek Now

---

[2] The parties do not dispute that Seek Now is a foreign corporation and not a citizen of Oklahoma. [*See* ECF No. 3-2 at 1; ECF No. 5 at 1 ("[Seek Now] is a corporation

and Lancaster refiled their motion to dismiss that they originally filed in state court, arguing that Plaintiff fails to state a claim against them upon which relief can be granted. [ECF Nos. 19, 19-1]. Ewing also moved to dismiss for failure to state a claim. [ECF No. 28]. Plaintiff moves to remand the action back to state court. [ECF No. 23].

## II. Discussion

### *A. Fraudulent Joinder Principles*

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (citation omitted). The federal removal statute permits a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). This includes when the district court has diversity jurisdiction, which requires the amount in controversy to exceed $75,000[3] and the parties to be citizens of different states. 28 U.S.C. § 1332(a)(1). "Complete diversity is lacking when any of the plaintiffs has the same [citizenship] as even a single defendant." *Dutcher*, 733 F.3d at 987.

---

incorporated in Delaware and with a principal place of business in Louisville, KY.")].

[3] The parties agree that the amount-in-controversy requirement is satisfied here. [*See* ECF No. 3-2 at 2; ECF No. 3 at 1].

Although a court typically "evaluates the propriety of a removal by determining whether the allegations on the face of the complaint satisfy the jurisdictional requirements, fraudulent joinder claims are assertions that the pleadings are deceptive." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006).[4] To show that a defendant has been fraudulently joined, the removing party "must demonstrate either: (1) actual fraud in the pleading of the jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (citation omitted); *see Mayes Cnty. FOP Lodge #116, Inc. v. Farmers Ins. Exch.*, No. 19-CV-687-JED-FHM, 2020 WL 6136236, at *3 (N.D. Okla. Oct. 19, 2020) ("[T]he party asserting federal jurisdiction must show that the plaintiff would have no possibility of recovery against the defendant."). When either occurs, the district court disregards the fraudulently joined party "for purposes of assessing complete diversity." *Dutcher*, 733 F.3d at 988.

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (citation omitted); *see also Montano v. Allstate Indem.*, 211 F.3d 1278 (Table), 2000 WL 525592, at *2 (10th Cir.

[4] Unpublished decisions are not precedential, but they may be cited for their persuasive value. *See* Fed. R. App. 32.1.

Apr. 14, 2000) (citation omitted) ("This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)[.]"). In deciding, the court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Nerad*, 203 F. App'x at 913 (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

### ***B. Oklahoma law forecloses Plaintiff's tortious interference claim against Lancaster.***

According to State Farm, Ewing and Lancaster are fraudulently joined because "Oklahoma law does not recognize independent causes of action against non-insurer participants in the claims process for conduct arising out of the investigation, evaluation, or handling of an insurance claim."[5] [ECF No. 3 at 5; *see also* ECF No. 25 at 2–5]. In Oklahoma, third parties that contract with an insurer to aid in the claims process generally owe no duty of care to the insured under a negligence theory. *See Trinity Baptist Church v. Bhd. Mut. Ins. Servs., LLC*, 341 P.3d 75, 85–86 (Okla. 2014) (rejecting negligence claim because third-party insurance adjuster did not owe insured a duty of care); *see also Hightower v. USAA Cas. Ins. Co.*, No. 16–CV–274-JED-FHM, 2017 WL 1347689, at *2 (N.D. Okla. Apr. 7, 2017) (same, as to

[5] Defendants do not assert a fraudulent joinder theory based on actual fraud in the pleading of jurisdictional facts. [*See* ECF No. 3 at 3–4 ("[Ewing and Lancaster] are fraudulently joined parties against whom Plaintiff does not have 'any possibility of recovery.'" (citation omitted)); ECF No. 25 at 2 ("[P]laintiff has no actionable claim against Lancaster ....")]. The Court's analysis therefore focuses on the second prong of *Dutcher*'s fraudulent joinder test.

third-party insurance appraiser). The rule is intended to prevent double-recovery. Because the insurer retains the duty to investigate even where it delegates that responsibility, the insurer remains liable when a third-party conducts an inadequate investigation. *See Trinity Baptist Church*, 341 P.3d at 86. To date, federal courts in Oklahoma have declined to extend this rule outside the negligence context. *See, e.g.*, *Hooper v. Am. Strategic Ins. Corp.*, No. 24-CV-00612-CDL, 2025 WL 1140228, at *4–5 (N.D. Okla. Apr. 17, 2025) (rejecting defendants' attempt to have the court construe *Trinity* and its progeny broadly, to bar an intentional inference with contract claim); *Farrow v. State Farm Fire & Cas. Co.*, No. 21-CV-351-G, 2023 WL 2733400, at *4 (W.D. Okla. Mar. 31, 2023) (same as to fraud claims); *Johnson v. State Farm Fire & Cas. Co.*, 19-CV-250-JED-FHM, 2019 WL 5388521, at *4 (N.D. Okla. Oct. 22, 2019) (same, regarding a claim for intentional infliction of emotional distress).

However, in a recent decision, the Oklahoma Supreme Court clarified that "the framework established in *Trinity* … shields a contractually retained professional from tort liability for actions performed as part of the claim evaluation." *Cmty. Resourcing Inc. v. Berkshire Hathaway Specialty Ins.*, 593 P.3d 115, 120 (Okla. 2026) (holding a tortious interference with contract claim fails as a matter of law under *Trinity*). But the court did not protect third-party professionals from liability for acts taken unrelated to the claims

process. *See id.* (citing *Henderson v. Day Eng'g Consultants*, 560 P.3d 684, 689 (Okla. Civ. App. 2024)).

Here, *Trinity* and *Community Resourcing* effectively bar Plaintiff's tortious interference claim unless Lancaster's alleged tortious conduct was unrelated to the claims process. To the extent Plaintiff argues that the bar should not apply to Lancaster because he was acting as an agent of Seek Now and not State Farm, the Court finds that distinction of little import. Plaintiff's complaint[6] acknowledges that "Seek Now, Inc. and Tanner Ward Lancaster were hired [by State Farm] to inspect [Plaintiff's] [h]ome pursuant to the [p]olicy …." [ECF No. 3-2 at 8]. Whether Lancaster was acting as a direct agent of State Farm or through Seek Now, *Trinity* protects him from liability for his actions performed as part of the claims process. *See Cmty. Resourcing*, 593 P.3d at 117–20 (professional engineering firm and its employee shielded from liability by *Trinity* rule).

Plaintiff also argues that Lancaster's tortious conduct was unrelated to the claims process, and therefore not protected by *Trinity*, because he acted for his personal benefit. [*See* ECF No. 23 at 6]. The court in *Community Resourcing* considered and rejected a similar argument. There, the plaintiff

---

[6] Although Plaintiff filed a petition in state court, in the interest of clarity and consistency with the Federal Rules of Civil Procedure, the Court will refer to Plaintiff's petition as the "complaint."

alleged that the third-party professional "personally gained by financial incentive to further their own separate agenda of participating in the minimization or denial of legitimate insurance claims to earn more business and keep the existing relationship with [the insurer]." *Cmty. Resourcing*, 593 P.3d at 119. That allegation closely mirrors one in Plaintiff's complaint. [*See* ECF No. 3-2 at 9]. The court in *Community Resourcing* expressly rejected such an argument. *See* 593 P.3d at 119 ("Because [the third-party professional] was acting strictly as a representative for [the insurer] when it conducted the inspection, it cannot be held liable for tortious interference with a contract under Oklahoma law."). At bottom, the complaint does not show Lancaster's alleged tortious conduct was unrelated to the claims process; therefore, *Trinity* and *Community Resourcing* bar Plaintiff's tortious interference claim against Lancaster.

Despite its heavy burden, State Farm has demonstrated that Plaintiff is unable to establish a tortious interference with contract claim against Lancaster in state court. *See Dutcher*, 733 F.3d at 988.

### ***C. Plaintiff is unable to state a civil conspiracy claim against Lancaster and Ewing in state court.***

In Oklahoma, a civil conspiracy requires "a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means." *Brock v. Thompson*, 948 P.2d 279, 294 (Okla. 1997). Civil conspiracy is not an

independent tort and does not itself create liability. *Id.* Rather, liability only attaches where conspirators "pursue an independently unlawful purpose or use an independently unlawful means." *Id.* Thus, no civil conspiracy exists where both the underlying act and the means employed are lawful. *Id.* "In essence, a civil conspiracy claim enlarges the pool of potential defendants from whom a plaintiff may recover for an underlying tort." *Id.* at 294 n.66.

Because the Court has already found Plaintiff is unable to establish an underlying tortious interference with contract claim against Lancaster in state court, his conspiracy claim against Lancaster fails under Oklahoma law. *See Cmty. Resourcing*, 593 P.3d at 120 (citing *Brock*, 948 P.2d at 295).

Plaintiff has not pleaded an underlying tort against Ewing. His only allegation against Ewing is that she "is a State Farm agent and resident of Oklahoma, who sold the policy in question to the Plaintiff." [ECF No. 3-2 at 1]. Because Plaintiff does not allege that Ewing engaged in any tortious conduct, his civil conspiracy claim against her also fails as a matter of law.

As with the tortious interference claim, State Farm has demonstrated that Plaintiff is unable to establish a civil conspiracy claim against both Lancaster and Ewing in state court. Therefore, the Court finds both Lancaster and Ewing to be fraudulently joined and will disregard these defendants for purposes of determining jurisdiction. *See Dutcher*, 733 F.3d at 988. When Lancaster and Ewing are excluded from consideration, the Court finds

complete diversity between Plaintiff, State Farm, and Seek Now. Jurisdiction over Plaintiff's claims against State Farm and Seek Now is therefore proper under 28 U.S.C. § 1332, and Plaintiff's motion to remand [ECF No. 23] is denied.

Having determined that the Court may exercise jurisdiction over Plaintiff's claims, the Court now turns to Defendants' motions to dismiss. The Court grants the motions for substantially the same reasons already discussed. *Trinity* and *Community Resourcing* shield Lancaster and Seek Now from liability for their actions performed as part of the claims process, which effectively bars Plaintiff's tortious interference with contract claim. Further, Plaintiff fails to state a civil conspiracy claim against the moving Defendants because he does not plausibly allege they engaged in any underlying tortious conduct. Therefore, the Court grants the motion to dismiss filed by Lancaster and Seek Now [ECF No. 19] and grants Ewing's motion to dismiss [ECF No. 28].

## III. Conclusion

For the reasons stated above, Plaintiff Lloyd K. Benedict's Motion to Remand [ECF No. 23] is DENIED. Defendants Anita Ewing and Tanner Ward Lancaster are fraudulently joined parties in this case. The Motion to Dismiss filed by Defendants Seek Now Inc. and Tanner Ward Lancaster [ECF No. 19] is GRANTED. Defendant Anita Ewing's Motion to Dismiss

[ECF No. 28] is also GRANTED. This case will proceed on Plaintiff's claims against State Farm.

DATED this 25th day of November, 2026.

Sara Hill

Sara E. Hill
UNITED STATES DISTRICT JUDGE